# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

KANDI LAUFERT, et al.,

    Plaintiffs,

v.                                CIVIL ACTION NO.  2:22-cv-00029

DAVIS LOGISTICS, LLC, et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court are Plaintiff's Motion to Amend Complaint [ECF No. 28], and Plaintiff's Motion to Extend Time to Serve Defendants TGP Logistics, LLC, Trans Global Projects Group, and Legacy Hauling, LLC/INC a.k.a. Legacy Hauling & Logistics with the Second Amended Complaint. [ECF No. 30]. Plaintiff wishes to amend her complaint for a third time to remove eight defendants pursuant to a Joint Stipulation signed on June 7, 2022. [ECF No. 16]. Plaintiff further seeks to extend time to serve three defendants because their service-by-mail and service-in-person attempts have so far failed. These failures, she argues, establish good cause to extend the time for service under Fed. R. Civ. P. 4(m). For the reasons that follow, Plaintiff's Motion to Amend is **DENIED.** Her Motion to Extend Time to Serve certain defendants is **DENIED in part and GRANTED in part.** Plaintiff is **ORDERED** to complete service on Defendants TGP Logistics, LLC, Trans Global Projects Group, and Legacy Hauling, LLC/Inc. a.k.a. Legacy Hauling & Logistics by **AUGUST 27, 2022.**

    **I. Motion to Amend**

Plaintiff moves to amend her complaint in accordance with the Joint Stipulation filed on June 7, 2022. [ECF No. 16]. Plaintiff's motion to amend represents the third time she has revised the complaint since filing it on January 14, 2022. Federal Rule of Civil Procedure 15(a)(1) allows

a party to amend its pleading *once* as a matter of course. After that, the party must seek the court's leave to amend the complaint, which the court "should freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). A plaintiff does not, however, need to amend a complaint to remove parties from the case. Instead, a plaintiff may dismiss an action simply by filing a notice of dismissal before the opposing party serves an answer. Fed. R. Civ. P. 41(a)(1)(A)(i). Unless the party's notice states otherwise, a voluntary dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B).

Here, justice does not require that I grant Plaintiff leave to file a third amended complaint. Plaintiff has represented that the Third Amended Complaint is identical to the Second Amended Complaint except that it has removed the Virginia Port Authority, Universities Superannuation Scheme, LTD, Alinda Capital Partners, Virginia International Gateway, Portsmouth Marine Terminals, Norfolk International Terminals, Newport News Marine Terminals, Virginia Inland Port, and Richmond Marine Terminals as defendants. Because none of those defendants have served an answer to the complaint, Plaintiff should file a Notice of Dismissal. Plaintiff's Motion to Amend is therefore **DENIED.**

**II.    Motion to Extend Time to Serve Complaint**

Plaintiff seeks to extend the time to serve Defendants TGP Logistics, LLC, Trans Global Projects Group, and Legacy Hauling, LLC/INC a.k.a. Legacy Hauling & Logistics. Plaintiff represents that she mailed a copy of the Amended Complaint to all defendants on April 14, 2022, and a copy of the Second Amended Complaint on May 11, 2022. Both times, service failed for Defendants TGP Logistics, LLC, Trans Global Project Group, and Legacy Hauling, LLC/Inc. After the second service-by-mail failed, Plaintiff attempted to serve those defendants in person. She attempted to serve Trans Global Project Group on June 24, 2022, TGP Logistics, LLC, on June 23, 2022, and Legacy Hauling, LLC/Inc., on June 22 & 25, 2022 at their respective business addresses. Those efforts likewise failed. On this basis, Plaintiff requests an additional sixty days to serve TGP Logistics, LLC, Trans Global Projects Group, and Legacy Hauling, LLC/Inc.

Federal Rule of Civil Procedure 4(m) gives plaintiffs ninety days to serve a complaint. "But if the plaintiff shows good cause for the failure [to complete service], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In 2015, Rule 4(m) changed the time to serve a defendant from 120 to 90 days to "reduce delay at the beginning of litigation." Fed. R. Civ. P. 4(m), advisory committee's notes to 2015 amendment. The committee notes recognize, however, that "[s]hortening the presumptive time for service will increase the frequency of occasions to extend the time. More time may be needed, for example, when a request to waive service fails, a defendant is difficult to serve, or a marshal is to make service in an in forma pauperis action." *Id.*

I find here that Plaintiff has shown good cause to extend the deadline for service, but not by sixty days. She attempted to serve Defendants twice by mail, and where that failed, she attempted to serve them in person. While the defendants have been difficult to serve, and that difficulty warrants some extra time, Plaintiff filed her case six months ago. At this point, most of the defendants have been served, several have answered the complaint, and one has moved to dismiss. I find that a 30-day extension gives Plaintiff sufficient time to locate and serve the three remaining defendants without unduly delaying the litigation for the other defendants. I **GRANT in part and DENY in part** Plaintiff's Motion to Extend. I will not grant Plaintiff's request for a 60-day extension to serve Defendants. Instead, I **ORDER** Plaintiff to complete service by **August 27, 2022.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     July 27, 2022

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE