IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KANDI LAUFERT, et al.,

                Plaintiffs,

v.                                                              CIVIL ACTION NO.  2:22-cv-00029

DAVIS LOGISTICS, LLC, et al.,

                Defendants.

MEMORANDUM OPINION AND ORDER

This case is **DISMISSED** for lack of subject matter jurisdiction.

## I.    Background

This case concerns a motor vehicle accident that occurred on Interstate 77 ("I-77") in Fayette County, West Virginia resulting in the death of Nichole Ashley Laufert ("the decedent"). [ECF No. 9 ("Second Am. Compl.") ¶¶ 2, 125–26, 151]. On April 30, 2020, Stephan Rogian was traveling on I-77 northbound while operating a 2016 Ford F350, pulling a loaded gooseneck trailer. *Id.* ¶¶ 104, 129–30. At some point, the gooseneck trailer broke loose from Defendant Rogian's truck and came to rest perpendicularly in the travel lanes of I-77. *Id.* ¶¶ 41, 138–40.

Defendant Martin Neitch was operating a tractor trailer also on I-77 northbound and crashed into the detached trailer. *Id.* ¶¶ 110, 145. The Neitch tractor

trailer remained on the travel portion of the roadway following the crash. *Id.* ¶¶ 145–46.

Nichole Laufert was also driving north on I-77 in a 2007 Chevrolet Malibu. *Id.* ¶ 125. She struck Defendant Neitch's stopped tractor trailer and died from her injuries. *Id.* ¶¶ 143, 151–53.

On January 14, 2022, Plaintiff Kandi Laufert ("Ms. Laufert"), individually and as the personal representative of the estate of the decedent, filed a Complaint in this court relating to the automobile accident. [ECF No. 1]. She filed an Amended Complaint on March 18, 2022, and a Second Amended Complaint on April 29, 2022. [ECF Nos. 6, 9]. Ms. Laufert's Second Amended Complaint lists twenty defendants; however, nine defendants were dismissed. [ECF Nos. 9, 33]. The eleven remaining defendants are: (1) Davis Logistics, LLC; (2) Stephan Rogian; (3) Ryder Truck Rental, Inc.; (4) AWF Express, LLC; (5) American Wood Fibers, Inc.; (6) Martin Neitch; (7) Trans Global Projects Group; (8) TGP Logistics, LLC; (9) Virginia International Terminals, LLC ("VIT"); (10) JH Rose Logistics, LLC; and (11) Legacy Hauling, LLC/Inc. To date, eight of the eleven remaining defendants have answered Ms. Laufert's Second Amended Complaint.

On September 22, 2022, the court ordered Ms. Laufert to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. [ECF No. 51]. Ms. Laufert responded to the order on October 6, 2022, [ECF No. 59], and several of the defendants responded to Ms. Laufert's brief, [ECF Nos. 61, 65]. Defendants JH

Rose Logistics, LLC and VIT have each filed a motion to dismiss for failure to state a claim. [ECF Nos. 23, 52]. Because the court dismisses this action for lack of subject matter jurisdiction, the motions are moot.

## II.   Legal Standard

Federal courts are courts of limited jurisdiction, meaning that they have the power to act solely in the areas authorized by Congress and the United States Constitution. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). The two bases for subject matter jurisdiction are federal question and diversity. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1331. District courts have diversity jurisdiction where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties to the action. 28 U.S.C. § 1332. Complete diversity means that no plaintiff is a citizen of the same state as any defendant. *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020). An individual is a citizen of his or her place of domicile, which is established by physical presence in a state with the intent to remain there indefinitely. *Bowles v. Lowe's Home Ctrs., LLC*, No. 2:14-cv-30524, 2015 WL 13049455, at *3 (S.D. W. Va. Apr. 17, 2015) (citing *Vandevander v. Jimenez*, No. 3:11-CV-85, 2011 WL 13240040, at *2 (N.D. W. Va. Dec. 5, 2011)). Further, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the

3

same State as the decedent." 28 U.S.C. § 1332(c)(2). Finally, a corporation is deemed to be a citizen of each state of incorporation and in the state "where it has its principal place of business," *id.* § 1332(c)(1), and a limited liability company ("LLC") is a citizen of every state in which any of its members is a citizen, *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

In cases where a lawsuit begins in federal court, the plaintiff has the burden of establishing subject matter jurisdiction. *Demetres v. E.W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015). Federal courts are presumed to lack jurisdiction until it has been demonstrated to exist. *See Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986) (Stevens, J., dissenting); *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994); *see also* 13 Wright & Miller, Federal Practice and Procedure § 3522 (2022) ("[T]here is a presumption that a federal court lacks subject matter jurisdiction, and the party seeking to invoke federal jurisdiction must affirmatively allege the facts supporting it." (citations omitted)). Pursuant to Federal Rule of Civil Procedure 12(h)(3), an action must be dismissed if the plaintiff fails to make this requisite showing, and the issue of jurisdiction may be raised by a court *sua sponte* or through a motion filed by a party.  Fed. R. Civ. P. 12(b)(1), (h)(3). Because a federal court cannot proceed to the merits of a case without subject matter jurisdiction, Rule 8(a)(1) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction."

## III.  Analysis

### A. Federal Question Jurisdiction

In this case, no federal question appears on the face of Ms. Laufert's Second Amended Complaint. Ms. Laufert alleges only state law claims of negligence and vicarious liability. Moreover, in response to the court's show cause order, Ms. Laufert asserts that the basis for subject matter jurisdiction in this action is diversity jurisdiction. [ECF No. 59, ¶ 3]. For these reasons, the court **FINDS** that federal question jurisdiction does not exist.

### B. Diversity Jurisdiction

In her 63–page, 182–paragraph Second Amended Complaint, Ms. Laufert inexplicably fails to provide any statement concerning the grounds for this court's jurisdiction as required by Rule 8(a)(1). The words "jurisdiction," "domicile," or "citizen" do not appear once in Ms. Laufert's voluminous pleading, and the information that is provided is insufficient to establish subject matter jurisdiction. Because of the Complaint's insufficiency, the court issued a show cause order, dated September 22, 2022, directing Ms. Laufert to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. [ECF No. 51]. However, Ms. Laufert's response is riddled with the same problems as her Complaint.

Referring to Ms. Laufert in her individual capacity, the Complaint states that Ms. Laufert "currently resides" in Maryland. (Second Am. Compl. ¶ 1). Ms. Laufert's place of domicile is similarly omitted in her response to the court's show

5

cause order. Citizenship or domicile, *not residence*, is the basis of diversity jurisdiction, and domicile is not synonymous with a person's residence. *See Comm'r of Internal Revenue v. Nubar*, 185 F.2d 584, 587 (4th Cir. 1950) (explaining that residence merely "means living in a particular locality," while domicile "means living in that locality with intent to make it a fixed and permanent home"). Accordingly, Ms. Laufert's statement of residence may be a clue as to her domicile, but alone it is insufficient to establish her domicile.

Ms. Laufert also brings this lawsuit as personal representative for the estate of the decedent, and in that capacity, she is deemed to be a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2). Yet, nowhere in her Complaint, nor in her response to the court's order, does Ms. Laufert assert the domicile of the decedent. The only hint as to the decedent's possible domicile in Ms. Laufert's Complaint is that Ms. Laufert was appointed as the personal representative of the decedent's estate in Carroll County, Maryland. (Second Am. Compl. ¶ 4); *see also* [ECF No. 59, ¶ 5 ("Decedent's Estate was opened in Maryland.")]. According to Maryland law, a Maryland court has jurisdiction to conduct judicial probate if the "decedent was domiciled in Maryland" or "had property in Maryland at the time of death." *Green v. McClintock*, 97 A.3d 198, 212 (Md. Ct. Spec. App. 2014). In its opposition to Ms. Laufert's response to the court's show cause order, VIT states that at the time of the automobile accident, "the decedent was operating a vehicle registered in Maryland and [was] using a Maryland driver's license." [ECF No. 65, at 2]. Thus, the decedent

6

may have been a domiciliary of Maryland at the time of her death; however, it is also possible that the decedent was a citizen of West Virginia, her place of death, or a citizen of any of the other forty-eight states. Because of Ms. Laufert's blatant omission, the court cannot say whether complete diversity of citizenship exists.

Finally, in analyzing the citizenships of the defendants, I come across American Wood Fibers, Inc. ("American Wood Fibers") and AWF Express, LLC ("AWF Express"). In her Complaint, Ms. Laufert alleges that American Wood Fibers is "organized and existing under the laws of the State of Wisconsin," with its principal place of business in Maryland. (Second Am. Compl. ¶ 10); *see also Our Locations*, Am. Wood Fibers, https://www.awf.com/our-locations/ (last visited Sept. 14, 2022) (stating that the company is "[h]eadquartered in Columbia, MD"). Because American Wood Fibers is incorporated in Wisconsin and has its principal place of business in Maryland, it is a citizen of both Wisconsin and Maryland. *See* 28 U.S.C. § 1332(c)(1). Additionally, AWF Express is a limited liability company, which Ms. Laufert alleges under an incorrect standard to be "a corporation organized and existing under the laws of the State of Wisconsin, with a princip[al] place of business [in] . . . Maryland . . . ." (Second Am. Compl. ¶ 9). Because Ms. Laufert applies the incorrect standard for determining the citizenship of an LLC, the court is unsure whether AWF Express's members are citizens of Maryland or of one or more of the other forty-nine states.

Nevertheless, even assuming Ms. Laufert's stated residence is also her place of domicile, diversity jurisdiction does not exist because Ms. Laufert and at least one

7

defendant, American Wood Fibers, are citizens of the same state—i.e., Maryland. As to Ms. Laufert's capacity as personal representative, whether complete diversity exists is unknown because Ms. Laufert has repeatedly failed to allege the decedent's domicile.

## IV.  Conclusion

Rule 8 not only requires a statement of jurisdiction but also "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Ms. Laufert's 182-paragraph Second Amended Complaint, which contains repetitive but insufficient allegations, is glaringly inconsistent with the Rule. Rule 8 serves the purposes of "avoid[ing] verbose allegations," "notify[ing] the defendants of the claim upon which plaintiff seeks recovery," assisting "the disposition of litigation on its merits," and "achiev[ing] brevity and clarity in pleading." *Walter Reade's Theatres, Inc v. Loew's Inc.*, 20 F.R.D. 579, 582 (S.D.N.Y. 1957). This pleading fails in every respect. This court has been asked to surmise the citizenships of the parties and, until Ms. Laufert filed her response to the court's show cause order, guess the amounts in controversy. Ms. Laufert has not demonstrated that the court has subject matter jurisdiction over this action. Further, even with the sparse information contained in the Complaint on this issue, it appears to the court that subject matter jurisdiction does not exist.

For the foregoing reasons, the court lacks subject matter jurisdiction over this matter, and thus, this case is **DISMISSED**.

8

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      October 24, 2022

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE